NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR AVILA-RAMIREZ, | No. 15-73140 |
| Petitioner, | Agency No. A200-705-657 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Oscar Avila-Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings and review de novo questions of law. *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the agency's finding that Avila-Ramirez is ineligible for cancellation of removal for failure to demonstrate the requisite continuous physical presence, where he conceded that he remained outside the United States for a period of more than 90 days during the relevant period. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(2) (a departure in excess of 90 days breaks continuous physical presence). Avila-Ramirez cites no authority that ineffective assistance of counsel provides an exception to the continuous physical presence requirement. *Cf. Hernandez-Mancilla*, 633 F.3d at 1182 (finding no ineffective assistance of counsel due process violation, where the actions of counsel occurred outside the context of removal proceedings).

Because Avila-Ramirez failed to establish statutory eligibility for cancellation of removal, the IJ did not violate due process in pretermitting his application and declining to hold a merits hearing. *See* 8 C.F.R. § 1240.8(d) (alien has the burden of proof in establishing eligibility for relief from removal); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Avila-Ramirez's contention regarding the applicability of 8 U.S.C. § 1427(b) is unavailing, where that statute addresses residency requirements for

naturalization.

We do not address Avila-Ramirez's contentions regarding ineffective assistance of counsel, where the BIA made its determination even assuming he could establish an ineffective assistance claim. *See Najmabadi v. Holder*, 597 F.3d 983, 992 (9th Cir. 2010) (court's review is limited to the grounds actually relied upon by the BIA).

**PETITION FOR REVIEW DENIED.**